UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO R. GONZALES,<br><br>              Petitioner,<br><br>       v.<br><br>JOE LIZARRAGA,<br><br>              Respondent. | No.  2:16-cv-0555 MCE KJN P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.

    On June 27, 2016, the undersigned dismissed the original petition with leave to amend. (ECF No. 7.)  Pending before the court is the amended petition.  (ECF No. 10.)

    Rule 4 of the Federal Rules Governing Section 2254 Cases provides that if it plainly appears from the petition that the petitioner is not entitled to relief, the judge must dismiss the petition.  For the reasons stated herein, the undersigned recommends that this action be dismissed because it is clear from the amended petition that petitioner is not entitled to relief.

    In the original petition, petitioner appeared to argue that the California Board of Parole Hearings ("BPH") found him unsuitable for parole based on inaccurate information.  (ECF No. 1.)  In particular, petitioner appeared to argue that the BPH relied on a probation report that did not accurately describe his offense.  (Id.)

1

In the June 27, 2016 order dismissing the original petition, citing Swarthout v. Cooke, 562 U.S. 216, 220 (2011), the undersigned noted that in the parole context, due process requires only that a prisoner be given an opportunity to be heard and a statement of the reasons parole was denied. (ECF No. 7 at 1.) "As the United States Supreme Court explained, 'it is no federal concern [] whether California's "some evidence" rule of judicial review (a procedure beyond what the Constitution demands) was applied correctly.' Id. at 863." (Id. at 2.)

In the June 27, 2016 order, the undersigned found that petitioner did not allege that he was not given an opportunity to be heard at any parole suitability hearing or that he was not given a statement of reasons why parole was denied. (Id. at 2.) The undersigned found that petitioner's claim that the BPH considered inaccurate information was not cognizable in federal habeas. (Id.)

In the amended petition, petitioner appears to again challenge the BPH's reliance on the 1983 probation report issued in a Santa Clara County case. (ECF No. 10.) Petitioner argues that the probation report contains false information and that the BPH cited it. (Id. at 4.) Petitioner also argues that the lawyer who represented him during the 1983 Santa Clara County proceedings was ineffective for failing to object to the contents of the probation report. (Id. at 5.)

For the reasons stated in the June 27, 2016 order, petitioner's claim in the amended petition challenging the BPH's reliance on the allegedly inaccurate 1983 probation report does not state a potentially cognizable claim for relief in federal habeas. To the extent petitioner raises a claim directly challenging the 1983 criminal proceedings in Santa Clara County, this claim must be raised in a separate petition filed in the United States District Court for the Norther District of California. See Federal Rules Governing Section 2254 Cases, Rule 2(e) (a petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court). All witnesses and evidence necessary for the resolution of petitioner's application challenging the 1983 Santa Clara County proceedings are more readily available in Santa Clara County, where the Northern District is located. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 499 n. 15 (1973); 28 U.S.C. § 2241(d).

Petitioner has also filed a motion for release on bond (ECF No. 11) and a motion for deposit of real estate in lieu of bail security (ECF No. 12). Because this action should be

dismissed, these motions are denied.

Accordingly, IT IS HEREBY ORDERED that petitioner's motions for release on bond (ECF No. 11) and for deposit of real estate in lieu of bail security (ECF No. 12) are denied; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 19, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Gon555.fr